## Samuel D. Eldred v. Rose A. Ryerson and others.

*Accounting: Use of premises, etc.: Rental value.* In an accounting under a decree directing that the defendants be charged for the use of certain saw-mill premises, wrongfully detained by them from the complainant for several years, and kept employed in sawing lumber, "what the use of the property would have been worth to a prudent man, with proper use, after keeping it in reasonable repair," the bare rental value under bargains entered into before the possession was taken is not the proper basis.

*Heard July 10. Decided July 25.*

Appeal in Chancery from Muskegon Circuit.

*John T. Holmes,* for complainant.

*Hughes, O'Brien & Smiley,* for defendants.

COOLEY, J.

We seldom have a case brought before us in a shape more unsatisfactory than this. It was a case of accounting, brought to a hearing upon a printed record of near four hundred pages, and so far as we can determine from the papers, upon some mere verbal report by a commissioner, of his computation. The questions related principally to the value of the use of certain saw-mill premises, which had been detained from the complainant by the defendants for several years, and kept employed in sawing lumber. By the decree, the defendants Ryerson and Johnson were to be charged "what the use of the property would have been worth to a prudent man, with proper use, after keeping it in reasonable repair," and to be credited with certain payments made for the benefit of complainant. The circuit court decreed a certain amount in favor of complainant, but we have no information as to the basis upon which the court acted, and the record discloses the widest differences of opinion regarding the proper compensation, as well as the method of computing it.

So far as we are able to judge from the comparison of the amount of the decree with the evidence, we infer that the circuit judge has awarded what he thought the premises would have rented for by bargains entered into before possession was taken. This, though generally a just criterion of the value of the use of real estate, is not necessarily what should be charged against one who has wrongfully withheld possession from the owner, under circumstances enabling him to derive a benefit from the use much beyond what they could have been rented for. The decree in this case contemplated such a state of things when it fixed the basis for computation at "what the use would have been

worth to a prudent man," instead of the rental value, and
there is abundant evidence in the record that the use to
defendants was worth very much more than the circuit
judge has charged them with.

There is also a very important circumstance in the case,
which cannot wholly be overlooked, namely, that the mill
was burned up in defendants' possession after the time
when by the decree they should have delivered possession
to complainant, and while they were holding in defi-
ance of the final determination of the appellate court.  A
party rightfully in possession of another's land cannot usu-
ally be properly charged with the consequences of acci-
dental fires, but where he is holding wrongfully, he cannot
with much propriety insist that he shall account for the value
of the premises on the lowest admissible basis, and at the same
time leave the party who is wrongfully kept out to take
upon himself all risks.   There would be no great injus-
tice in such cases in requiring the wrong-doer at least to
keep good the premises he was thus enjoying.   This, how-
ever, is alluded to only to show that there are circumstances
in the case which are unusual, and which bear hardly
against complainant, and consequently that there is no
special equity appealing to us on behalf of the defendants,
and which would require us to adopt a rule of compensa-
tion as against them which would be the lowest admissible
rule in ordinary cases.

Under other circumstances, we might, perhaps, send this
case back for further proceedings; but it has already been a
long while in court, and brought great expense upon the
parties; and as all have joined in bringing it to a hearing
upon the present record, we have proceeded to give it the
best consideration we have been able, and have sought to
deduce a just conclusion upon the voluminous and diverse
evidence.  Our conclusion is that the decree in favor of
complainant was considerably below what it should have
been, and that complainant should have recovered of defend-

.ants the sum of seven thousand eight hundred dollars. The decree should be modified to this extent, and complainant should recover costs in both courts.

CHRISTIANCY, CH. J., and GRAVES, J., concurred.

CAMPBELL, J., did not sit in this case.